## CROMWELL v. NICHOLS.

(Supreme Court, Special Term, Kings County.   June 16, 1912.)

1. TAXATION ⟨⟩421(7)—ASSESSMENT—STATUTE—ASSESSMENT BY NUMBER.
    1 Rev. St. pt. 1, c. 13, tit. 2, §§ 11 and 12, requiring the property of non-residents to be assessed in the same roll with that of residents, but in a separate part thereof, and providing that it may be designated by lot numbers, was substantially complied with by an assessment roll, giving first the names of the residents and their assessments, then the names of nonresidents and their assessments, and then an assessment according to lot numbers, where the name evidently was unknown, among which was the lot in controversy.
    [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 729, 730; Dec. Dig. ⟨⟩421(7).]

2. TAXATION ⟨⟩442—TAX LEASE—PRESUMPTIONS—WARRANT FOR COLLECTION.
    Under the statutes making a tax lease presumptive evidence that the tax was legally imposed and that the proceedings and sale were required, the fact that an assessment made more than 40 years before, and which had in the meantime been transferred to the custody of a different office, does not contain a warrant for collection, as required by Laws 1873, c. 135, § 4, does not show that no warrant was originally attached thereto.
    [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 774–780; Dec. Dig. ⟨⟩442.]

3. TAXATION ⟨⟩734(2)—SALE—PROCEEDINGS—RETURN OF RECEIVER—NAME.
    Where lots were assessed by lot number, not by name, pursuant to 1 Rev. St. pt. 1, c. 13, tit. 2, §§ 11, 12, the fact that the receiver's return did not give the name of the person failing to pay the tax, as required by Laws 1873, c. 135, § 13, does not invalidate the sale for taxes.
    [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1470, 1471; Dec. Dig. ⟨⟩734(2).]

4. TAXATION ⟨⟩734(10)—SALE—PROCEEDINGS—AMENDMENT OF STATUTE.
    A lease made in 1878 for taxes assessed in 1873 is not invalidated by the failure of the county treasurer to file a duplicate of the sale with the county clerk, as required by Laws 1873, c. 135, § 17, which was amended by Laws 1876, c. 261, so as not to require the filing of the duplicate.
    [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1470, 1471; Dec. Dig. ⟨⟩734(10).]

5. TAXATION ⟨⟩693—TAX LEASE—PRESUMPTIONS—NOTICE.
    The statutory presumption from leases for unpaid taxes that the tax was legally imposed, and the proceedings and sale were required, applies to the giving of notices of sale and redemption.
    [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1388; Dec. Dig. ⟨⟩693.]

Suit for partition by one Cromwell against one Nichols.   Judgment entered for partition, subject to a tax lease.

See, also, 155 App. Div. 905, 139 N. Y. Supp. 1051.

Henry R. Noyes, of New York City, for plaintiff.
Clarence R. Freeman, of New York City, for defendant.

CRANE, J.   This action for partition brings up for consideration the legality of a tax lease made in 1878 upon a sale of the property in 1875 for unpaid taxes assessed in 1873.   The property in question is in Queens county and the tax proceedings and sale for unpaid taxes

are regulated by the following statutes: 1 R. S. c. 13, tits. 2 and 3; Laws 1855, c. 427; Laws 1873, c. 135; Laws 1875, c. 184; Laws 1876, c. 261; Laws 1877, cc. 268 and 361. It is claimed by the plaintiff that there are five defects in the proceedings required by these statutes which make the alleged tax sale of 1875 void. They are as follows and will be disposed of by me in the order in which they are raised on the plaintiff's brief.

[1] 1. The plaintiff says that the assessment is irregular because the lots were assessed by number and not by name. Sections 11 and 12 of chapter 13, title 2 of the Revised Statutes, (1829), provide that the property of nonresidents shall be assessed in the same roll with that of residents, but in a separate part thereof, and may be designated by lot numbers. This assessment roll gives first the names of residents and their assessments, the names of nonresidents and their assessments, and then follows the assessment according to lot numbers where the name evidently was unknown. In my opinion the statute has been substantially complied with in this particular.

[2] 2. Chapter 135 of the Laws of 1873, section 4, requires that the board of supervisors shall deliver to the said receiver of taxes the assessment roll with a warrant of collection annexed or subjoined thereto. It is claimed by the plaintiff that now, after 40 years, the assessment roll on file with the comptroller of the city of New York does not contain a warrant. The law does not specify how this warrant should be annexed or affixed; therefore it might very readily be disconnected and lost. Within these 40 years the records have been shifted from their original custodian to another office within the government of the Greater City of New York. Certainly very strong proof would be required to upset the tax sale of so long standing upon the mere inability to find the warrant at this day. The evidence introduced, if it be evidence, is insufficient to prove that there was no warrant annexed at the time of the delivery of the assessment rolls, and the presumption is all the other way, for the above acts specifically state that "the lease shall be presumptive evidence that such tax was legally imposed and that the proceedings and sale were regular."

[3] 3. Objection is made that the receiver's return did not give the name of the person failing to pay the tax, pursuant to section 13 of chapter 135 of the Laws of 1873, but no such name could be given, as the lands were assessed by lot number and not by name, pursuant to the Revised Statutes, as above stated.

[4] 4. The objection that the county treasurer did not file a duplicate certificate of the sale with the county clerk, pursuant to the provision of section 17 of chapter 135 of the Laws of 1873, is met by reference to chapter 261 of the Laws of 1876 amending this section 17, which does not require the filing of any such certificate with the county clerk. The lease was not made until 1878 and after this amendment.

[5] 5. While section 18 of chapter 135 of the Laws of 1873 enacts that the lease shall contain a clause stating that the notices required by the act had been served upon the owner, the amendment of this

section by chapter 261 of the Laws of 1876 requires no such recital. The lease given in 1878 does recite, however, as follows:

"And whereas the time for redemption as extended and enlarged by chapter 361 of the laws of 1877 has also expired without any redemption of the said premises having been made, and whereas the notice required to be given by the said Act of 1873 as amended by the said Act of 1877 to be served upon the owner and mortgagee of said premises was so served as to each of said lots."

In reality chapter 361 was not an amendment to the Laws of 1873, c. 135, § 17, but simply provided that the notice specified in section 17 might be served as enacted in chapter 361. The presumptions which all these laws give to the lease apply also to these notices of sale and of redemption, and have not been met by any proof on the part of the plaintiff to the contrary.

All the objections which have been pressed by the plaintiff against the validity of this tax sale or lease are not of sufficient weight to avoid it, and I shall therefore be obliged to hold that the plaintiff's title, with that of her cotenants, must be taken subject to it, and that judgment be entered accordingly.